

FILED
JAMES BONINI
CLERK
2010 MAY 28  AM 10: 22
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WESTERN DIV. DAYTON

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **CHRISTOPHER L. KIRK**<br>10663 McGwinn Road<br>Clarksville, Ohio 45113 | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No.**  1:10 CV 351 |
| **vs.** | * | |
| | * | **Judge**  S. ARTHUR SPIEGEL |
| **CLINTON COUNTY BOARD OF COMMISSIONERS**<br>46 S. South Street<br>2nd Floor Courthouse<br>Wilmington, Ohio 45177 | * | |
| | * | |
| | * | |
| *and* | * | **COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS, BREACH OF CONTRACT, FALSE ARREST, MALICIOUS PROSECUTION, ABUSE OF PROCESS, DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, & FOR DECLARATORY JUDGMENT** |
| **RALPH D. FIZER, JR., Individually and in his Official Capacity**<br>c/o Clinton County Sheriff's Office<br>1645 Davids Drive<br>Wilmington, OH 45177 | * | |
| | * | |
| | * | |
| *and* | * | **DEMAND FOR JURY TRIAL** |
| **BRIAN EDWARDS, Individually and in his Official Capacity**<br>c/o Clinton County Sheriff's Office<br>1645 Davids Drive<br>Wilmington, OH 45177 | * | |
| | * | |
| | * | |
| **Defendants.** | * | |

Plaintiff Christopher L. Kirk, by and through counsel, states his Complaint as follows:

## INTRODUCTION



**B**BRANNON & ASSOCIATES • 130 West Second Street  Suite 900 • Dayton, Ohio 45402-1590

1. This is a complaint brought by a public employee against public entities and several individuals for redress of violations of Plaintiff's civil rights. The Complaint seeks declaratory, injunctive and monetary relief.

## PARTIES, VENUE, and JURISDICTION

2. Plaintiff Christopher L. Kirk is and was, at all times pertinent, a citizen of the United States and a resident of the City of Wilmington, Clinton County, Ohio.

3. Plaintiff is and was, at all times relevant, a Deputy Sheriff employed by Clinton County, Ohio.

4. Defendant Sheriff Ralph D. Fizer Jr. ("Defendant Fizer") is and was, at all times pertinent, the elected and serving Sheriff of Clinton County, Ohio, and as such is at the top of the command structure of the Clinton County Sheriff's Office.

5. As commanding officer, Defendant Fizer was the superior Defendant for all other named Clinton County law enforcement Defendants, and was responsible for the training, supervision, and conduct of those Defendants, as set forth more fully below.

6. Defendant Brian Edwards ("Defendant Edwards") is and was a Lieutenant employed by the Clinton County Sheriff's Office. Defendant Edwards is and was, at all times pertinent, the officer in charge of investigations… As such, Defendant Edwards was and is an employee, servant, representative and/or agent of the Clinton County Sheriff's Office and the Sheriff of Clinton County. Defendant Edwards was, at all times pertinent, acting under color of state law in his capacity as Lieutenant and employee, servant, representative and/or agent of the Clinton County Sheriff's Office and the Sheriff of Clinton County.

7. Defendant Board of County Commissioners, a political subdivision of the State of Ohio, is named as a Defendant because it is the political and corporate body responsible and liable for the administration, operation, organization and policies of Clinton County, Ohio and all employees thereof, including employees working for the Clinton County Sheriff's Office. The Board of County Commissioners is sued for the acts and omissions of its Sheriff in failing to promulgate clearly defined policies and procedures so as to prevent the deprivation of the constitutional and statutory rights of the Plaintiff.

8. The United States District Court for the Southern District of Ohio, Western Division at Cincinnati, has jurisdiction over this action pursuant to 28 U.S.C. 1331, 42 U.S.C. 1983, and has pendant jurisdiction over all state law claims pursuant to 28 U.S.C. 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. 1391 and Fed. R. Civ. P. 4 and 17(b), Chapter X, S.D. Ohio Civ. R. 82.1.

2



10. All parties joined herein are necessary and/or indispensable parties needed for a just adjudication of the matters raised in this Complaint, pursuant to Fed. R. Civ. Proc. 19 and 19.1.

11. Plaintiff is unaware of the name(s) of any other necessary party or parties to this action and therefore, is unable to join such party or parties.  Should it be required, Plaintiff will conduct discovery pursuant to Fed. R. Civ. Proc. 37(D) and R.C. 2317.48 in order to ascertain the identify of any such potentially interested parties and to ascertain any other causes of action to which he may be entitled against the named Defendant(s).

12. The Defendants, individually, jointly and severally, are alleged to have known that they were violating the civil rights of the Plaintiff under clearly established federal and state law. The federal and state laws violated clearly established statutory or constitutional rights of the Plaintiff.  Any reasonable person similarly situated to the Defendants would have known, or should have known, that the acts of Defendants would result in the Plaintiff's deprivations of these rights and the proximate resulting damages.

## FACTUAL ALLEGATIONS

13. Plaintiff reincorporates by reference all preceding paragraphs.

14. Plaintiff began his employment as a Deputy Sheriff with the Clinton County Sheriff's Office ("CCSO") on March 6, 2000.

15. Plaintiff is certified as a K-9 Road Patrol Unit and served as a Deputy Sheriff in such a position.

16. Plaintiff met all his employers' and commanding officers' legitimate expectations.

17. Plaintiff's employment with the CCSO has continued to the present with one interruption. From May 27, 2009 through January 6, 2010, Plaintiff had been wrongfully terminated.

18. Plaintiff was reinstated January 7, 2010, however he has not been restored to his previous K-9 position. Nor was Plaintiff compensated for damages caused as a result of this wrongful termination. The facts giving rise to the alleged misconduct are as follows:

19. In the years leading up to the incidents giving rise to this Complaint, Plaintiff and a Misty Kirk were married as husband and wife. During the course of their relationship, Misty Kirk, a probation officer, used physical force and threats of physical force to control and abuse Plaintiff.

20. In March 2009, Plaintiff's patience with his wife's conduct was exhausted and he vacated the marital home and contacted an attorney about divorcing his wife, Misty Kirk.

 **BRANNON** & ASSOCIATES • 130 West Second Street   Suite 900 • Dayton, Ohio 45402-1590

21. Misty, angry with Plaintiff for seeking a divorce, repeatedly threatened to ruin his career and ensure that he lost his job and property.

22. On May 12, 2009, Misty Kirk, as was her habit and custom, instigated a verbal and physical altercation with the Plaintiff so as to attempt to stop him from divorcing her.

23. Following the incident, Plaintiff and Misty Kirk returned to the marital residence. Misty Kirk begged Plaintiff to stay the night and have sex. Plaintiff declined and moved into a camper on his parents' property.

24. In order to exact revenge for the the divorce, Misty Kirk made good on her previous threats to ruin the Plaintiff's life. On May 13, 2009, Misty Kirk contacted Plaintiff's supervisors, Defendants Prickett and Edwards, and falsely accused Plaintiff of physical assault.

25. Misty was instructed by Defendant Edwards and Col. Brian Prickett to meet with Defendant Edwards the same day she made her false report.  Misty brought a prepared statement to the meeting that she and Defendant Edwards modified by expanding it, embellishing it, and adding outright lies.

26. As Lieutenant, Defendant Edwards was in charge of conducting the investigations of Sheriff's Deputies who had been accused of crimes while off duty.

27. During his investigation of Plaintiff, it was held by the Clinton County Municipal Court that Defendant Edwards "merged" the internal and criminal investigations so intricately that it was impossible to tell the difference between the two in violation of Plaintiff's rights under *Garrity v. New* Jersey (1967), 385 U.S. 493, 87 S.Ct. 616.

28. After meeting with Misty Kirk, Defendant Edwards traveled to the scene of the incident to identify and interview possible witnesses.

29. Of the five persons contacted, only one witnessed the altercation.

30. In order to build a false case against Plaintiff, Defendant Edwards intimidated and coerced witness to state that they had witnessed the incident and that Plaintiff was the aggressor.

31. Defendant Edwards instructed Misty Kirk to take items from Plaintiff's truck to help build a case against the Plaintiff. Among the items she took was a sealed envelope, addressed to the Plaintiff.

32. Defendant Edwards' report was false, defamatory, slanderous, and in violation of Plaintiff's due process rights.


BRANNON & ASSOCIATES • 130 West Second Street  Suite 900 • Dayton, Ohio 45402-1590

33. On May 14, 2009, Misty Kirk called Defendant Edwards and advised that she wanted to file a criminal complaint for domestic violence against the Plaintiff. Defendant Edwards told her to come to the sheriff's office where a complaint would be ready for her to sign.

34. Defendant Edwards then prepared the criminal complaint, affidavit and temporary protection order. After Misty Kirk signed the charging documents, Defendant Edwards notarized them and filed them with the Clinton County Municipal Court.

35. Defendant Edwards then drove to Plaintiff's home and escorted Plaintiff back to the Sheriff's Office for a custodial interrogation.

36. Defendants have not established a policy dictating procedures to be followed when one of its employees is alleged to have committed domestic violence. Additionally, Defendants have not designed a policy ensuring that criminal and internal investigations will not be merged. Instead, Defendants have caused, and or implicitly authorized, approved or knowingly acquiesced in a practice of merging internal and criminal investigations initiated against accused employees in violation of their *Garrity* rights.

37. Here, pursuant to CCSO policies and customs, Defendant Edwards conducted both the internal and criminal investigations into Misty Kirk's allegations simultaneously.

38. Prior to the questioning, Defendant Edwards advised Plaintiff that he was investigating an incident between Plaintiff and Misty Kirk.

39. Defendant Edwards advised Plaintiff that a complaint had been filed against him, gave him his warnings pursuant to *Garrity*, and proceeded to interrogate Plaintiff regarding the altercation.

40. The *Garrity* warnings advised Plaintiff that: he was being interrogated as part of an internal investigation for allegedly violating the sheriff's office's code of conduct; his statements could not be used against him in a subsequent criminal prosecution; and, his failure to answer all questions truthfully would result in his discharge.

41. Plaintiff prepared and executed a written statement regarding the altercation.

42. Defendant Edwards then accused Plaintiff that he (Christopher) was not being honest about the incident and falsely represented that witnesses had identified him as the primary aggressor.

43. Additionally, Defendant Edwards falsely accused Plaintiff of lying to him about a lack of a "romantic relationship" with a female friend of Plaintiff's.

44. Defendant Edwards then advised Plaintiff that a criminal complaint had been filed and that a protection order had been issued prohibiting him from any contact with Misty Kirk.



**B** BRANNON
& ASSOCIATES • 130 West Second Street   Suite 900 • Dayton, Ohio 45402-1590

45. In the presence of fellow employees, Plaintiff was subsequently arrested, placed in handcuffs, and jailed.

46. Following the interrogation and Plaintiff's arrest, Defendant Edwards continued his criminal investigation that day and the day after by looking for additional witnesses and by tagging items brought by Misty Kirk as evidence.

47. Specifically, Detective Edwards returned to the scene of the altercation to locate and interview additional witnesses but was unable to find any.

48. Additionally, Detective Edwards contacted Misty Kirk to advise her that Plaintiff had been arrested and put in jail. During this conversation, Misty Kirk told Defendant Edwards that she had found a greeting card showing that Christopher and his female friend were more than friends. Defendant Edwards asked Misty to bring the card to the sheriff's office.

49. On May 15, 2009, Misty Kirk brought to Defendant Edwards a greeting card as well as a package addressed to Plaintiff's female friend that Misty had found in Plaintiff's truck, pursuant to Defendant Edwards' instructions. Defendant Edwards tagged the items as evidence.

50. That same morning, a criminal complaint and affidavit were filed in the Clinton County Municipal Court.

51. There was no independent review by a prosecutor prior to filing the criminal charges.

52. Defendant Edwards made the decision to prosecute the Plaintiff.

53. Defendant Edwards verbally reported Plaintiff's statements made during the interrogation to the prosecutor and falsely advised the prosecutor that Plaintiff had lied and was the aggressor according to two witnesses.

54. During Plaintiff's subsequent arraignment, Defendant Edwards appeared on behalf of the State and sought a higher bond and stricter temporary protective order and otherwise advised, assisted, notified or directed the prosecution of the charges against Plaintiff.

55. Bond was ultimately established and a protection order was issued ordering Plaintiff to stay 500 feet away from Misty Kirk, vacate the marital estate, and refrain from carrying, possessing or using a firearm. Exhibit 1.

56. Subsequently, Defendants forced Plaintiff on administrative leave pending the May 20, 2009 disciplinary hearing before John Holser, the Hearing Officer appointed by Defendants. Mr. Holser was and is the Director of Clinton County Department of Job and Family Services.



 BRANNON & ASSOCIATES • 130 West Second Street  Suite 900 • Dayton, Ohio 45402-1590

57. Prior to the hearing, Defendants provided to Plaintiff a Notice of Pre-disciplinary Conference requesting that the Plaintiff be terminated for the DV charges, TRO restrictions and falsification, claiming each allegation of misconduct constitutes a Group III Offense under the CCSO's Policy and Procedure Manual, punishable by termination.

58. On May 20, 2009, Mr. Holser conducted Plaintiff's pre-disciplinary hearing; Plaintiff was not permitted to call or cross-examine witnesses on his behalf.

59. On May 22, 2009, Mr. Holser issued a Pre-Disciplinary Conference Report, attached as Exhibit 2, that states, in pertinent part, as follows: "I conclude that the Clinton County Sheriff's Office is justified in continuing the disciplinary process with Deputy Chris Kirk."

60. Consequently, on May 27, 2009, Plaintiff was terminated from the employ of CCSO. Exhibit 2.

61. Rather than await the criminal trial results or the presentation of exculpatory evidence, Defendant Fizer terminated Plaintiff's employment.

62. Defendant Fizer is and was, at all relevant times, the final policy and decision maker for CCSO.

63. Defendants' three separate allegations of misconduct were not sufficient to warrant Plaintiff's termination.

64. Defendants terminated Plaintiff for allegations of domestic violence, without being convicted.

65. Defendants terminated Plaintiff for falsifying testimony, when in fact Plaintiff answered truthfully the questions asked of him during Defendant Edwards' interview.

66. Plaintiff was terminated for his alleged "inefficiency" as a result of the restriction contained in the temporary restraining order banning Plaintiff from possessing a gun.

67. The Plaintiff however had no meaningful avenue to appeal this restriction.

68. Defendants did not have just cause to terminate Plaintiff's employment.

69. Plaintiff appealed his termination to the Ohio State Personnel Board of Review.

70. On or around May 29, 2009, Defendants Fizer convened a press conference to inform the public, through the media, about Plaintiff's termination. During the press conference, he provided facts which he knew, or through the barest amount of inquiry would have known, were false, defamatory, and impugned Plaintiff's trade and profession and placed Plaintiff in a false light..



BRANNON & ASSOCIATES • 130 West Second Street   Suite 900 • Dayton, Ohio 45402-1590

71. Local news outlets including the Wilmington News Journal, as well as local news channels 5,9 and 12, were in attendance and subsequently reported Defendant Fizer's statements to the public.

72. According to the Wilmington News Journal's May 29, 2009 front page article, Defendant Fizer made the following statements during his press conference: that Plaintiff had been charged with domestic violence in municipal court, that after affording Plaintiff his due process and Garrity rights, they were terminating his employment.

73. As a result, Plaintiff's reputation within his community has been irreparably injured.

74. On September 2, 2009, sustaining Defendant's Motion to Dismiss the indictment, the Clinton County Municipal Court issued an extensive seven-page decision which held that Plaintiff's constitutional rights under *Garrity v. New Jersey* (1967) 385 U.S. 493 and *Kastigar v. United States* (1972), 406 U.S. 441, 442 and their progeny had been violated. Exhibit 3.

75. The trial court concluded, based on its review of the factual record as submitted through an extensive record of affidavits, transcripts and other evidentiary materials, that the "internal investigation and criminal investigation….were merged together in such an intricate way that it is now impossible to determine which parts were used for the internal investigation and which parts were used to form the decision to prosecute criminally." The trial court concluded that "the merger of the investigations violated the Defendant's constitutional rights as established under Garrity" and, as a consequence, dismissed the criminal charge.

76. Subsequently, the State filed a notice of appeal on September 18, 2009, to the Twelfth District Court of Appeals, Clinton County. On March 29, 2010, the Twelfth District Court of Appeals affirmed the Clinton County Municipal Court's decision dismissing the criminal charges against Christopher Kirk, holding that the charges were properly dismissed. Exhibit 4. No subsequent appeal to the Supreme Court of Ohio has been made.

77. On January 29, 2010, Christopher entered into an Agreement with the CCSO regarding the terms of his reinstatement, the payment of back wages, and continued employment.

78. Pursuant to that Agreement, Christopher was reinstated January 7, 2010 to a dispatch position and issued backpay from 9/3/09 to 1/6/10. His continued employment and receipt of backpay from 5/27/09 through 9/2/09 were conditioned on the outcome of the State's pending appeal.

79. As a direct and proximate result of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

8



BRANNON & ASSOCIATES • 130 West Second Street    Suite 900 • Dayton, Ohio 45402-1590

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

    b. Violation of his constitutional right against self-incrimination as guaranteed by the Fifth Amendment to the United States Constitution;

    c. Loss of his physical liberty;

    d. Pain and suffering and emotional trauma and suffering; and,

    e. Loss of his employment.

80. Notwithstanding the January 7 agreement, Defendants have failed to put Plaintiff back in his same or substantially similar position.

81. The actions of the Defendants violated the clearly established and well settled federal constitutional rights of Plaintiff.

**COUNT ONE: DEPRIVATION OF CIVIL RIGHTS**
**42 U.S.C. 1983**
**Defendants Fizer and Edwards in their individual and official**
**capacities, Defendant Board of County Commissioners in its official**
**capacity**

82. Plaintiff reincorporates by reference all preceding paragraphs.

83. Defendant Board of County Commissioners exercise general governmental authority over the affairs of Clinton County, Ohio, adopting appropriate regulations to govern the conduct of employees of the CCSO herein.

84. Throughout all of the instances set forth above, Defendants were acting in their official capacities in accordance with rules and regulations and the command structure of the CCSO.

85. The named Defendants, jointly and individually, while acting under color of state law, unlawfully deprived Plaintiff of federal constitutional and statutory rights, including, but not limited to: (1) the right to protection against unreasonable search and seizure; (2) the right to protection against unreasonable prosecution; (3) the right to be free from forced self-incrimination; (4) the right to due process of the laws; and, (5) the right to equal protection under the laws.

86. As a direct and proximate result of the Defendants' conduct done in the course of their employment and under color of state law, Plaintiff has suffered economic, and emotional injury.

***BRANCH ONE*: UNLAWFUL ARREST**
**42 U.S.C. 1983, 4th Amendment**

 • 130 West Second Street   Suite 900 • Dayton, Ohio 45402-1590

87. Plaintiff reincorporates by reference all preceding paragraphs.

88. The named Defendants, under color of law, wrongfully arrested, detained and imprisoned Plaintiff without any reasonable justification.

89. Defendant Edwards arrested Plaintiff based on a series of outright fabrications as well as false accusations and coercive tactics designed by him to elicit false testimony from witnesses.

90. As based on the above alleged facts, Defendant Edwards lacked probable cause to arrest Plaintiff.

91. Defendant Edwards was biased in his investigations. An objectively reasonable officer would not have arrested Plaintiff.

92. The actions of all Defendants, in arresting Plaintiff, constitute a violation of Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.

93. The Defendants' conduct was objectively unreasonable in light of Plaintiff's clearly established constitutional rights.

94. The rules, regulations, customs, polices and procedures of the Defendants regarding investigation, arrest and prosecution of CCSO employees accused of domestic violence were/are inadequate and objectively unreasonable and were the moving force behind the constitutional deprivations suffered by Plaintiff.

95. As a result of the Defendants' actions, Plaintiff was deprived of his rights as a citizen of the United States under 42 U.S.C. 1983.

96. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered loss of liberty, severe emotional distress, loss of income and benefits in his employment, and loss of reputation in the community.

### _BRANCH TWO_: MALICIOUS PROSECUTION
### 42 U.S.C. 1983, 4th Amendment

97. Plaintiff reincorporates by reference all preceding paragraphs.

98. The named Defendants, under color of law, wrongfully pursued and caused to be initiated criminal actions against Plaintiff as alleged hereinabove.

99. Defendant Edwards made the decision to prosecute.

100. Defendant Edwards lacked probable cause to pursue and cause to be initiated criminal actions against Plaintiff.

10



101.    Defendant Edwards was biased in his investigation.

102.    An objectively reasonable officer would not have caused to initiated and pursue criminal charges against Plaintiff.

103.    The criminal charges filed were based on a series of false accusations and coercive tactics designed by Defendant Edwards to elicit false testimony from witnesses.

104.    Defendant Edwards fabricated evidence and manufactured probable cause. The information submitted by the Defendants to the prosecutor was not truthful and unreliable.

105.    The actions of all Defendants, in allowing Plaintiff to be charged with criminal violations, constitutes a violation of Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.

106.    The Defendants' conduct was objectively unreasonable in light of Plaintiff's clearly established constitutional rights.

107.    The rules, regulations, customs, polices and procedures of the Defendants regarding the investigation, arrest and prosecution of CCSO employees accused of domestic violence were/are inadequate and objectively unreasonable and were the moving force behind the constitutional deprivations suffered by Plaintiff.

108.    As a result of the Defendants' actions, Plaintiff was deprived of his rights as a citizen of the United States under 42 U.S.C. 1983.

109.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered loss of liberty, severe emotional distress, loss of income and benefits in his employment, and loss of reputation in the community.

### ***BRANCH THREE*: SELF INCRIMINATION/USE OF COERCED STATEMENTS**
### **42 U.S.C. 1983, 5th Amendment**

110.    Plaintiff reincorporates by reference all preceding paragraphs.

111.    Defendants, jointly and individually, under color of law, unlawfully deprived Plaintiff of his Fifth Amendment right to be free from compelled self-incrimination.

112.    Plaintiff was compelled to incriminate himself or face immediate termination.

113.    Plaintiff was required by his employment to answer questions truthfully.

11



BRANNON
& ASSOCIATES • 130 West Second Street   Suite 900 • Dayton, Ohio 45402-1590

114.    Plaintiff answered Defendant Edwards truthfully.

115.    Defendant Edwards used Plaintiff's protected statements to form the decision to press charges and to supply the prosecutor with information to cause the Plaintiff to be prosecuted.

116.    Additionally, the Defendants used Plaintiff's protected statements to terminate him.

117.    The actions of all Defendants, in charging Plaintiff with criminal violations after promising not to use anything he said against him in a criminal case, constitutes a violation of Plaintiff's Fifth Amendment right to be free from self-incrimination.

118.    Defendants' conduct violated a clearly defined Constitutional right, of which a reasonable officer would have known; this alleged behavior/intent are objectively unreasonable infringements on the Plaintiff's Fifth Amendment right.

119.    The rules, regulations, customs, polices and procedures of the Defendants regarding investigation, arrest and prosecution of CCSO employees accused of domestic violence were/are inadequate and objectively unreasonable and were the moving force behind the constitutional deprivations suffered by Plaintiff.

120.    As a result of the Defendants' actions, Plaintiff was deprived of his rights as a citizen of the United States under 42 U.S.C. 1983.

121.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered loss of liberty, severe emotional distress, loss of income and benefits in his employment, and loss of reputation in the community.

### *BRANCH FOUR*: **PROCEDURAL DUE PROCESS**
### **42 U.S.C. 1983, 14th Amendment**

122.    Plaintiff reincorporates by reference all preceding paragraphs.

123.    Plaintiff is a classified civil service employee.

124.    Plaintiff has a property interest in his continued employment with Defendants pursuant to R.C. 124.34.

125.    Plaintiff has a liberty interest in his employment with Defendants.

126.    The name Defendants used their authority as state officials to fabricate evidence and manufacture probable cause to justify the inappropriate termination of Plaintiff.

 **BRANNON** & ASSOCIATES • 130 West Second Street   Suite 900 • Dayton, Ohio 45402-1590

127. Defendants made false and public allegations against Plaintiff which impaired his good name, reputation, honor and integrity in connection with firing him.

128. Further, Defendants denied Plaintiff a meaningful opportunity to be heard and present evidence at the pre-disciplinary hearing.

129. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement.

130. The named Defendants acted under color of law to issue all discipline to the Plaintiff.

131. The Defendants' conduct was objectively unreasonable in light of the clearly established constitutional right to due process.

132. Defendants have a custom/policy of allowing Defendant Fizer and others to terminate employees without an opportunity for a hearing.

133. Defendants' acts and/or omissions were intentional, willful, wanton, reckless and/or negligent and the proximate cause of injuries and damages suffered by Plaintiff.

134. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered loss of liberty, severe emotional distress, loss of income and benefits in his employment, and loss of reputation in the community.

### _BRANCH FIVE_: WRONGFUL TERMINATION/EQUAL PROTECTION 42 U.S.C. 1983

135. Plaintiff reincorporates by reference all preceding paragraphs.

136. The named Defendants, individually and/or collectively, acted to deprive, interfere with, or take away from the Plaintiff rights, privileges or immunities and/or equal protection secured by the Constitution or laws of the United States.

137. Defendants' actions, as hereinabove alleged, were pursuant to policies and customs of the CCSO and Board of County Commissioners.

138. The named Defendants, despite the fact that Plaintiff was never convicted of a crime, terminated Plaintiff or caused him to be terminated.

139. The named Defendants caused, under color of state law, Plaintiff to be restrained from returning to his home and working on his family farm.

 • 130 West Second Street   Suite 900 • Dayton, Ohio 45402-1590

140.     Defendants' actions have denied Plaintiff's right to the equal protection of the laws as secured to him by the Fourteenth Amendment to the United States Constitution and enforced through 42 U.S.C. 1983.

141.     Defendants' acts and/or omissions were intentional, willful, wanton, reckless and/or negligent and the proximate cause of injuries and damages suffered by Plaintiff.

142.     As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered loss of liberty, severe emotional distress, loss of income and benefits in his employment, and loss of reputation in the community.

## COUNT TWO: BREACH OF CONTRACT

143.     Plaintiff reincorporates by reference all preceding paragraphs.

144.     Plaintiff entered into a written agreement, the "Garrity Warning" with Clinton County and Defendant Lt. Edwards on May 13, 2010, whereby Defendant Clinton County, through Edwards, agreed that neither the self-incriminating statements nor the fruits of any self-incriminating statements made by Plaintiff in the "allegations of Misty Kirk" would be used against him in any criminal proceeding.

145.     In consideration of that promise, Plaintiff made statements to Clinton County pursuant to his reasonable reliance on that agreement.

146.     Defendants' use and derivative use of said statements constituted total breach of that contract.

147.     As a direct and proximate result of the Defendants' conduct, Plaintiff suffered loss of liberty, severe emotional distress, loss of income and benefits in his employment, and loss of reputation in the community.

## COUNT THREE: FALSE ARREST
### Defendant Edwards, in his individual and official capacity, Defendants Board of County Commissioners and Fizer in their official capacities

148.     Plaintiff reincorporates by reference all preceding paragraphs.

149.     Defendant Edwards' conduct, as hereinabove alleged, constitutes false arrest.

150.     As a direct and proximate result of the Defendants' conduct, Plaintiff suffered loss of liberty, severe emotional distress, loss of income and benefits in his employment, and loss of reputation in the community.

151.     Defendant Edwards' conduct was done pursuant to the orders, policies, and customs of Defendants Fizer and Board of County Commissioners.



BRANNON & ASSOCIATES • 130 West Second Street   Suite 900 • Dayton, Ohio 45402-1590

## COUNT FOUR: MALICIOUS PROSECUTION
**Defendant Edwards, in his individual and official capacity, Defendants
Board of County Commissioners and Fizer in their official capacities**

152.     Plaintiff reincorporates by reference all preceding paragraphs.

153.     Defendant Edwards filed, or sought to file, one or more criminal charges against Plaintiff.

154.     Defendants lacked probable cause to file one or more of said criminal charges.

155.     The criminal case was dismissed and/or was otherwise disposed of in Plaintiff's favor.

156.     As a direct and proximate result of the Defendants' conduct, Plaintiff suffered loss of liberty, severe emotional distress, loss of income and benefits in his employment, and loss of reputation in the community.

157.     Defendant Edwards' conduct was done pursuant to the orders, policies, and customs of Defendants Fizer and Board of County Commissioners.

## COUNT FIVE: ABUSE OF PROCESS
**Defendant Edwards, in his individual and official capacity, Defendants
Board of County Commissioners and Fizer in their official capacities**

158.     Plaintiff reincorporates by reference all preceding paragraphs.

159.     Defendants instituted criminal proceedings against Plaintiff which were resolved in Plaintiffs favor, i.e., dismissed for good cause.

160.     Defendants acted recklessly, negligently, willfully, wantonly and with malice in instituting and continuing *State v. Kirk*.  The charges were filed and the prosecution was undertaken so that it could be corrupted in order to effect and ulterior motive, i.e., slandering the Plaintiff and causing him to be terminated.

161.     The "probable cause" for charges to be brought against Plaintiff were either non-existant or totally manufactured by Defendant Edwards.

162.     Plaintiff suffered economic and non-economic injuries as a proximate result of Defendants' institution and maintenance of *State v. Kirk* and will continue to suffer from same into the future.

**BRANNON** & ASSOCIATES • 130 West Second Street  Suite 900 • Dayton, Ohio 45402-1590

## COUNT SIX: DEFAMATION
### Defendant Edwards, in his individual and official capacity, Defendants Board of County Commissioners and Fizer in their official capacities

163.    Plaintiff reincorporates by reference all preceding paragraphs.

164.    The named Defendants, in the course of their actions, made false statements about Plaintiff, his reputation, the pending criminal charges against him and that he was provided due process in the disciplinary action taken against him.

165.    These statements, in context, individually and collectively, and in combination, constituted a false publication(s), and are defamatory towards Plaintiff.

166.    The Defendants' statements were in fact defamatory and ruinous to Plaintiff's reputation, including his reputation as a Deputy Sheriff.

167.    The defamatory statement(s) were published and circulated negligently, recklessly, intentionally, and with actual malice. Defendants published said statements with actual knowledge of the falsity or with a high degree of awareness of their probable falsity or purposefully avoided knowledge of the truth.

168.    The Defendants' statements were published in various newspapers and reported by television reporters on the local news stations to members of the community.

169.    Defendants knew or should have known that the false and defamatory statements and actions would be republished and circulated by others within the CCSO, and within the Community, as well as among Plaintiff's friends, acquaintances, neighbors, peers, as well as interfering with future contracts, employment possibilities, personal and professional relationships, directly and/or indirectly into the foreseeable future and to Plaintiff's detriment.

170.    The false defamatory statements therein constitute defamation per se and per quod.

171.    Defendants acted recklessly, intentionally, and maliciously.

172.    As a direct and proximate result of the Defendants' conduct, Plaintiff suffered economic and emotion damages including, but not limited to, loss of liberty, severe emotional distress, loss of income and benefits in his employment, and loss of reputation in the community.

## COUNT SIX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

173.    Plaintiff reincorporates by reference all preceding paragraphs.



BRANNON
& ASSOCIATES • 130 West Second Street   Suite 900 • Dayton, Ohio 45402-1590

174.     Defendants owed Plaintiff a duty to refrain from intentionally injuring him.

175.     Defendants breached their duties to Plaintiff.

176.     Defendants, jointly and severally, acted in an extreme and outrageous manner passing all reasonable bounds of decency and were excessive, wanton, or gross. Defendants' conduct went beyond all possible bounds of decency and may be regarded as atrocious and utterly intolerable in a civilized community.

177.     Defendants' intentional actions, as set forth above, proximately caused injury to Plaintiff in the form of embarrassment, mental anguish, loss of reputation, loss of self-esteem, harm to Plaintiff's relationship with his family, and other emotional distress.

**COUNT SEVEN: DECLARATORY JUDGMENT
18 U.S.C. 922(g) VIOLATES SECOND & FOURTEENTH
AMENDMENTS, U.S. CONSTITUTION**

178.     Plaintiff reincorporates by reference all preceding paragraphs.

179.     As alleged hereinabove, Plaintiff was terminated and illegitimate criminal charges were brought against him. As part of the accusation, Plaintiff's right to keep and bear arms was summarily stripped from him without any reasonable opportunity to be heard prior to the denial of said rights.

180.     The denial of these rights to keep and bear arms was made pursuant to 18 U.S.C. 922(g), the "federal weapons disability," which provides that it is unlawful for a person subject to a qualifying protection order to ship, transport, possess or purchase any firearm when the protected party is the person's intimate partner or child of such intimate partner or person.

181.     The denial of rights without a reasonable opportunity to be heard before said denial or appeal said denial constitutes a violation of the due process clause of the United States Constitution.

182.     The denial of Plaintiff's rights to keep and bear arms prior to conviction of crimes and the denial of a reasonable opportunity to appeal that denial prior to being absolved of said crimes constitutes a violation of Plaintiff's right to keep and bear arms, under the United States Constitution.

183.     Accordingly, Plaintiff requests declaratory relief providing that the summary denial provided under 18 U.S.C. 922(g) is unconstitutional and unenforceable.

**WHEREFORE,** Plaintiff respectfully asks that this Honorable Court grant the following relief:

 BRANNON
& ASSOCIATES • 130 West Second Street  Suite 900 • Dayton, Ohio 45402-1590

a. Compensatory damages;

b. Declaratory relief providing that the acts and conduct of all Defendants constitute violations of Plaintiff's constitutional and statutory and common law rights;

c. Enjoin Defendants from violating the constitutional and statutory rights of its citizens;

d. Grant against all Defendants, jointly and severally, appropriate compensatory damages, and against the individual Defendants appropriate punitive damages;

e. Reasonable attorney's fees as provided under 42 U.S.C. 1988;

f. Any other and further relief that this Court deems necessary and appropriate.

Respectfully submitted,

/s/ Dwight D. Brannon
Dwight D. Brannon (0021657)
Attorney for Plaintiff
BRANNON & ASSOCIATES
130 W. Second St.    Suite 900
Dayton, OH   45402
Telephone:    (937) 228-2306
Facsimile:    (937) 228-8475
E-Mail:        dbrannon@branlaw.com

## JURY DEMAND

Plaintiffs Christopher L. Kirk, by and through his attorney, hereby respectfully demands trial by jury as to his claims pursuant to Federal Rule of Civil Procedure 38, et seq., and Southern District Local Rule 38.1.

/s/ Dwight D. Brannon
Dwight D. Brannon

18

 • 130 West Second Street   Suite 900 • Dayton, Ohio 45402-1590