State of Ohio
Department of Administrative Services

# Order of Removal, Reduction, Suspension, Fine, Involuntary Disability Separation

Mr. __Chris Kirk__

This will notify you that you are: [✓] removed; [ ] suspended; [ ] suspended (working); [ ] fined; [ ] involuntary disability separated; [ ] reduced in pay, from your position of __Deputy Sheriff__ and/or reduced to new position of _____ (if applicable)

effective __May 27, 2009__
(date)

The reason for this action is that you have been guilty of (List relevant R.C. 124.34 disciplinary offense(s)). (Section not applicable for involuntary disability separation.)

**Specifically:** See Attachment

Notice of pre-disciplinary/separation hearing given to employee: __May 15, 2009__ (date)

Pre-disciplinary/separation hearing (held) or waived: __May 20, 2009__ (date)

Employee allowed to meet with employer: [✓] Yes [ ] No

Order hand-delivered to employee: __May 27, 2009__ (date, if hand delivered)

If employee is suspended, list dates of suspension: _____

Signed at __Wilmington__ (city), Ohio, __May 27, 2009__ (date)

Counter signature, if applicable

Signature of Appointing Authority
*Ralph D. Fizer* (signature)

Type Name and Title of Appointing Authority
Ralph D. Fizer, Sheriff

Type Department, Agency, or Institution
Clinton County Sheriff's Office, 1645 Davids Drive, Wilmington, Ohio 45177

ADM 4055 (Rev. 6-99)/PDF     **Important: See attachment for Employer and Employee Instructions.**

EXHIBIT 2

## IMPORTANT INSTRUCTIONS TO THE APPOINTING AUTHORITY

(1) Actual signature means that each Order served on the employee must contain the actual signature of the Appointing Authority. Appointing Authority means the actual appointing officer of the department or agency as well as any approving officer or board required by law. If the appointment of an employee requires the approval of a board or commission, then a certified copy of the resolution of such board or commission approving the action must accompany this Order unless the actual signatures of the members of the board or commission appear on the front of the Order served on the employee.

(2) The Appointing Authority must set forth in detail the particular acts and circumstances constituting the offense(s) charged. Evidence presented on appeal must be limited to that which relates to the charge(s) made; hence the Appointing Authority must set forth the charges(s) broadly enough to encompass all the evidence the Appointing Authority intends to offer. It is equally important that the Appointing Authority fully state the ground(s) for the action.

(3) The Appointing Authority MUST provide an original of the Order to the employee on or before the effective date. The date on which the Order is served is the date the Order is delivered to the employee by hand or to the employee's last known mailing address by certified United States mail, whichever occurs first.

## IMPORTANT INSTRUCTIONS TO THE EMPLOYEE

If you wish to appeal this action, then you must file your written appeal with the State Personnel Board of Review (SPBR) at 65 East State Street, 12th Floor, Columbus, Ohio 43215-4213. Your appeal must actually be received and time-stamped by SPBR by the tenth calendar day from the date this Order was served. For the purposes of your appeal, the date on which this Order is served is the date the Order is delivered to you by hand or to your last known mailing address, as maintained by your Appointing Authority, by certified United States mail, whichever occurs first. You may obtain SPBR's Administrative Rules by writing the above office or by telephoning SPBR at (614) 466-7046. You may also obtain the rules at SPBR's website at http://pbr.ohio.gov.

*Example of deadline to file appeal:*

An employee is given a 40-hour suspension. The suspension is to begin on October 11 and run five working days through October 15. The employee is served with the forthcoming suspension Order on October 8. The employee has until October 18 to file a written appeal (ten days from the date the employee was served with the Order).

Reminder: If you are employed by a municipality or township that has a civil service commission, your appeal lies with that commission and not SPBR.

You may contact SPBR at (614) 466-7046 regarding the above information or regarding SPBR's jurisdiction or you may visit our website at http://pbr.ohio.gov.

I have reviewed the May 22, 2009 Pre-Disciplinary Conference Report, as well as the items presented as evidence at the May 20, 2009 pre-disciplinary conference as listed in that Report.

I have also reviewed and considered your prior disciplinary history, which reveals the following: 1) a written reprimand on November 17, 2008 for committing a Group I and Group II Offense under the Clinton County Sheriff's Office Policy and Procedure Manual, Human Resources Section, and 2) a one day suspension on March 5, 2009 for committing a Group I and Group II Offense under the Clinton County Sheriff's Office Policy and Procedure Manual, Human Resources Section. However, even if you did not have this prior disciplinary history, I still would have made the same decisions that I make below.

Based upon that documentation, I have determined the following:

With regard to Offense No. 1: There exists sufficient enough evidence to conclude that on or about May 11, 2009, at 9054 U.S. 22/3, Clarkville, Ohio 45113, you committed an act of assault and/or domestic violence against your wife, Misty Kirk. This act constitutes a "failure of good behavior," which constitutes a Group III, Number 21 Offense under the Clinton County Sheriff's Office Policy and Procedure Manual, Human Resources Section. For this offense, your employment is terminated.

With regard to Offense No. 2: There exists sufficient enough evidence to conclude that on or about May 13, 2009, and when interviewed by Lieutenant Edwards concerning his investigation your act of assault and/or domestic violence against your wife, you made a false statement when you denied having a romantic relationship with Amy McCleese. This act constitutes "[f]alsifying . . . statements or information during any investigation that the employee may be involved in whether a witness or primary focus of the investigation," which constitutes a Group III, Number 3 Offense under the Clinton County Sheriff's Office Policy and Procedure Manual, Human Resources Section. For this offense, your employment is terminated.

With regard to Offense No. 3: There exists sufficient enough evidence to conclude that on or about May 14, 2009, the Clinton County Municipal Court issued a Temporary Restraining Order over you, which states "DEFENDANT SHALL NOT POSSESS, USE, CARRY, OR OBTAIN ANY DEADLY WEAPON. Defendant shall turn over all deadly weapons in Defendant's possession to the law enforcement agency that serves Defendant with this Order as follows: Any law enforcement agency is authorized to take possession of deadly weapons pursuant to this paragraph and hold them in protective custody until further Court Order."

Your essential duties as a Deputy Sheriff require you to, at all times, possess, use, carry or obtain deadly weapons. Your inability to lawfully possess, use, carry or obtain deadly weapons constitutes "inefficiency," which constitutes a Group III, Number 3 Offense under the Clinton County Sheriff's Office Policy and Procedure Manual, Human Resources Section. For this offense, your employment is terminated.

*Chris Kirk Copy*

## CLINTON COUNTY
## DEPARTMENT OF JOB & FAMILY SERVICES
### 1025 S. SOUTH STREET, SUITE 200
### WILMINGTON, OH 45177

### OFFICE OF THE DIRECTOR

May 22, 2009

**Pre-Disciplinary Conference Report**
Conference Date: May 20, 2009
Conference Time: 10:00 A.M.
Conference Location: Clinton County Sheriff's Office

Persons attending the Pre-Disciplinary Conference: Deputy Chris Kirk, Attorney Dwight Brannon, Attorney George Limbert, Lt. Brian Edwards and Hearing Officer John Hosier.

This pre-disciplinary conference was conducted in accordance with Section 6 of the Clinton County Personnel Policy Manual.

Deputy Chris Kirk stated he had received a copy of the Notice of Predisciplinary Conference in a timely manner. It is noted for the record that the original conference was scheduled for 10:00 a.m., May 19, 2009 but was rescheduled at the request of the Attorney for Deputy Kirk.

Lt. Edwards read the following for the hearing record: "Offense No. 1 — On or about May 11, 2009, at 9054 U.S. 22/3, Clarksville, Ohio 45113, it is alleged that you committed an act of assault and/or domestic violence against your wife, Misty Kirk. Attached are the witness statements concerning the allegation.
If true, this act would constitute a "failure of good behavior" which constitutes a Group III, Number 21 offense under the Clinton County Sheriff's Office Policy and Procedural Manual, Human Resources Section. The penalty for this offense is "up to and including termination".
Offense No. 2 — It is alleged that, on or about May 13, 2009, and when interviewed by Lieutenant Edwards concerning his investigation of the above allegation, you made a false statement. Specifically, this statement was your denial of a romantic relationship with Amy McCleese, who resides at 9054 U.S. 22/3, Clarksville, Ohio 45113. Attached is a copy of ... card found in your vehicle from Ms. McCleese, which contradicts your statement. Also attached is a statement of Lt. Edwards concerning your statement to him.
If true, this act would constitute "[f]alsifying ... statements or information during any investigation that the employee may be involved in whether a witness or primary focus of the investigation," which constitutes a Group III, Number 3 offense under the Clinton County Sheriff's Office Policy and Procedural Manual, Human Resources Section. The penalty for this offense is "up to and including termination".
Offense No. 3 — On or about May 14, 2009, the Clinton County Municipal Court issued a Temporary Restraining Order over you, as the Defendant, which states: DEFENDANT SHALL NOT POSSESS, USE, CARRY, OR OBTAIN ANY DEADLY WEAPON. Defendant shall turn over all deadly weapons in Defendant's possession to the law enforcement agency that serves Defendant with this order as follows: Any law enforcement agency is authorized to take possession of deadly weapons pursuant to this paragraph and hold them in protective custody until further Court Order,"
That Temporary Restraining Order states that it remains in effect until " (1) until modified by this Court; or (2) until criminal proceedings arising out of the complaint upon which these Orders were issued this court or by the Common Pleas Court to which the Defendant is bound over for prosecution; or (3) until a Court issues a Civil Protection Order (CPO) arising out of the same activities as those that were the basis of the complaint filed in this action." Attached is a copy of the Temporary Restraining Order.
Your essential duties as a Deputy Sheriff require you to, at all times, possess, use, carry, or obtain deadly weapons.

If true, your inability to lawfully possess, use, carry or obtain deadly weapons would constitute "inefficiency", ," which constitutes a Group III, Number 3 offense under the Clinton County Sheriff's Office Policy and Procedural Manual, Human Resources Section. The penalty for this offense is "up to and including termination"."

After Lt. Edwards finished reading the allegations, Mr. Brannon spoke on Deputy Kirk's behalf. Brannon stated that Deputy Kirk denies all of the charges. Brannon felt all the charges were premature. He objected to "many" inappropriate questions by Lt. Edwards directed to Deputy Kirk. He also felt the gun removal action by the Sheriff's Office was premature. He stated a husband/wife dispute was all that was at stake.

I have also reviewed the following items presented as evidence:
- Clinton Co. S.O. Internal Complaint Form Report of Investigation 5/12/2009 prepared and signed by Lt. Brian Edwards
- Clinton Co. S.O. Voluntary Statement form – Statement of Deputy Chris Kirk taken by Lt. Edwards 5/13/2009
- Signed statement by Misty Kirk witnessed by Lt. /Edwards 5/12/009
- Clinton Co. S.O. Voluntary Statement form – Statement of Theresa Kisling taken by Lt. Edwards 5/12/2009
- Clinton Co. S.O. Voluntary Statement form – Statement of Lindsay Haney taken by Lt. Edwards 5/12/2009
- Temporary Protection Order issued by Clinton County Municipal Court 5/13/2009

After reviewing all the information presented I conclude that the Clinton County Sheriff's Office is justified in continuing the disciplinary process with Deputy Chris Kirk.

*[signature: John S. Hosler]*

John S. Hosler, Hearing Officer
May 22, 2009