## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into on this 29 day of January, 2010 by and between Christopher Kirk ("Appellant") and Ralph D. Fizer, Jr., in his official capacity only as the Sheriff of Clinton County, Ohio ("Appellee" or "Clinton County Sheriff").

### WITNESSETH:

**WHEREAS**, Mr. Kirk was employed as a Deputy Sheriff with the Clinton County Sheriff's Office until his termination on May 27, 2009;

**WHEREAS**, Mr. Kirk appealed that termination to the State Personnel Board of Review in a case captioned *Kirk v. Clinton County Sheriff's Office*, Case No. 09REM-06-0284;

**WHEREAS**, the Clinton County Sheriff denies any fault, wrongdoing, liability, injury, or damages in connection with the termination of Mr. Kirk's employment; and

**WHEREAS**, Mr. Kirk denies any fault, wrongdoing, misconduct, criminal act, violation of any law, rule, regulation, procedure or order; and

**WHEREAS**, Mr. Kirk and the Clinton County Sheriff desire to compromise, settle and resolve their disputes regarding the appeal currently pending before the State Personnel Board of Review in Case No. 09REM-06-0284, now and for all times, so as to avoid the continued costs, inconvenience, and uncertainty of continued litigation of the appeal, reinstatement, and/or contingent future resignation;

**NOW, THEREFORE**, in consideration of the promises, covenants and agreements set forth herein, it is hereby agreed as follows:

1. Mr. Kirk's termination will be modified to a conditional suspension without pay from May 27, 2009 through September 2, 2009. This modification will occur via placement of an Order of Conditional Suspension retroactive to May 27, 2009, which will be maintained in Mr. Kirk's personnel file pursuant to the Clinton County Sheriff's records retention schedule. Mr. Kirk's Order of Removal dated May 27, 2009 will be removed from Mr. Kirk's personnel file and this Agreement shall be placed in a separate file to be maintained pursuant to the Clinton County Sheriff's records retention schedule.

2. Within thirty (30) days of the date that this Agreement becomes fully executed, the Clinton County Sheriff will cause Mr. Kirk to be issued the back pay and benefits he would have earned had he been employed as a Deputy with the Clinton County Sheriff's Office from



EXHIBIT A

Page 1 of 4

September 3, 2009 through January 6, 2010, and if so paid, no claim for interest on that sum of money shall be made.

3. Beginning January 7, 2010, Mr. Kirk will begin full-time employment with the Clinton County Sheriff as a Civilian Dispatcher. As a Civilian Dispatcher, Mr. Kirk will receive the same rate of pay and benefits that he earned as a Deputy on May 27, 2009.

4. In the event that the appeal presently captioned *as State of Ohio v. Christopher Kirk*, Twelfth District Court of Appeals for Clinton County, Case No. CA2009-09015 ultimately results in an affirmation of the September 2, 2009 Judgment Entry of the Clinton County Municipal Court in Case No. CRB 0900774, then Mr. Kirk will be: (a) transferred to the position of Deputy assigned to the Road Patrol Unit, (b) his conditional suspension without pay from May 27, 2009 through September 2, 2009 will be rescinded and the Clinton County Sheriff will cause, within thirty (30) days, for Mr. Kirk to be issued the back pay and benefits he would have earned had he been employed as a Deputy with the Clinton County Sheriff's Office from May 27, 2009 through September 2, 2009, and if so paid, no claim for interest shall be made for that sum of money (c) the Order of Conditional Suspension and this Agreement will thereupon be removed from Mr. Kirk's personnel file, as well as the any and all separate files maintained by the Clinton County Sheriff, and no disciplinary action will be reflected in his employment file, or in fact, and he will not be considered to have committed any action for which discipline could have been or be imposed, and (d) the Clinton County Sheriff will caused five thousand dollars ($5,000.00) to be issued to Mr. Kirk which will represent a portion of Mr. Kirk's legal costs.

5. In the event that the appeal presently captioned *as State of Ohio v. Christopher Kirk*, Twelfth District Court of Appeals for Clinton County, Case No. CA2009-09015 ultimately results in a reversal, either in whole or in part, of the September 2, 2009 Judgment Entry of the Clinton County Municipal Court in Case No. CRB 0900774, and Mr. Kirk is ultimately fully acquitted of the criminal charge of domestic violence at issue in that case or that charge is otherwise dismissed without a conviction, then Mr. Kirk will be: (a) transferred to the position of Deputy assigned to the Road Patrol Unit, (b) his suspension without pay from May 27, 2009 through September 2, 2009 will be rescinded and the Clinton County Sheriff will cause, within thirty (30) days, Mr. Kirk to be issued the back pay and benefits he would have earned had he been employed as a Deputy with the Clinton County Sheriff's Office from May 27, 2009 through September 2, 2009, and if so paid, no claim for interest shall be made for that sum of money, (c)

the Order of Conditional Suspension and this Agreement will thereupon be removed from Mr. Kirk's personnel file, as well as the any and all separate files maintained by the Clinton County Sheriff, and no disciplinary action will be reflected in his employment file, or in fact, and he will not be considered to have committed any action for which discipline could have been or be imposed, and (d) the Clinton County Sheriff will cause five thousand dollars ($5,000.00) to be issued to Mr. Kirk which will represent a portion of Mr. Kirk's legal costs.

6. In the event that the appeal presently captioned *as State of Ohio v. Christopher Kirk*, Twelfth District Court of Appeals for Clinton County, Case No. CA2009-09015 ultimately results in a reversal, either in whole or in part, of the September 2, 2009 Judgment Entry of the Clinton County Municipal Court in Case No. CRB 0900774, and Mr. Kirk is convicted in that case of a lesser included criminal offense, then Mr. Kirk will be: (a) transferred to the position of Deputy assigned to the Road Patrol Unit, (b) his suspension without pay from May 27, 2009 through September 2, 2009 will be rescinded and the Clinton County Sheriff will cause, within thirty (30) days, Mr. Kirk to be issued the back pay and benefits he would have earned had he been employed as a Deputy with the Clinton County Sheriff's Office from May 27, 2009 through September 2, 2009, and if so paid, no claim for interest shall be made for that sum of money, and (c) the Order of Conditional Suspension will be removed from Mr. Kirk's personnel file and placed in a separate file to be maintained pursuant to the Clinton County Sheriff's records retention schedule.

7. In the event that the appeal presently captioned *as State of Ohio v. Christopher Kirk*, Twelfth District Court of Appeals for Clinton County, Case No. CA2009-09015 ultimately results in a reversal, either in whole or in part, of the September 2, 2009 Judgment Entry of the Clinton County Municipal Court in Case No. CRB 0900774, and Mr. Kirk is convicted of the criminal charge of domestic violence at issue in that case, such a conviction will result in Mr. Kirk immediately and voluntarily resigning his employment with the Clinton County Sheriff, Mr. Kirk will have no right to revoke or otherwise appeal that resignation to the State Personnel Board of Review, and the Clinton County Sheriff will give Mr. Kirk a neutral letter of reference which will state only the dates of Mr. Kirk's employment, the positions held, and his rate of pay.

8. The Clinton County Sheriff will receive a setoff to all back pay ultimately owed to Mr. Kirk equal to the amount of income Mr. Kirk earned during the applicable period(s), in excess of one thousand dollars ($1,000), that he would not have earned had he remained

employed by the Clinton County Sheriff during the applicable period(s). Mr. Kirk will direct his counsel to provide evidence of all such income to counsel for the Clinton County Sheriff within ten (10) days of the effective date that this Agreement.

9. In consideration of paragraphs 1-7 above, and other good and valuable consideration, the adequacy of which is hereby expressly acknowledged, Mr. Kirk will direct his attorney to take all steps necessary to withdraw the appeal currently pending before the State Personnel Board of Review in Case No. 09REM-06-0284, subject to the terms and conditions of this binding Agreement.

10. The parties hereby declare that the terms of this Settlement Agreement and Release have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise, adjustment and settlement of the appeal pending before the State Personnel Board of Review in Case No. 09REM-06-0284. This Agreement shall not affect the authority of the employer or employee and any rights, duties, claims, or actions, and in no way is it expected to do so.

I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND GENERAL RELEASE, CONSISTING OF 4 PAGES, FULLY UNDERSTAND IT AND, AFTER CONSULTING WITH LEGAL COUNSEL, HAVE VOLUNTARILY EXECUTED IT ON THE DATE OR DATES WRITTEN BELOW, SIGNIFYING MY ASSENT TO, AND WILLINGNESS TO BE BOUND BY, ITS TERMS:

**Appellant:**

*/s/ Christopher Kirk*
Christopher Kirk

Date above signed: 1-29-2010

**Appellee:**

*/s/ Ralph D. Fizer*
Ralph D. Fizer, Jr., in his official capacity
as Sheriff of Clinton County, Ohio

Date above signed: 2-1-10